UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN GARCIA DIAZ,<br><br>                              Plaintiff,<br><br>v.<br><br>RJD DONOVAN CORRECTIONAL FACILITY, et al.,<br><br>                              Defendants. | Case No.:  3:25-cv-3765-CAB-JLB<br><br>**ORDER DENYING MOTION TO PROCEED IFP & DISMISSING COMPLAINT**<br><br>**[Doc. No. 2]** |

On December 22, 2025, Plaintiff Valentin Garcia Diaz filed a complaint against Defendants RJD Donovan Correctional Facility and Does 1–3 pursuant to 42 U.S.C. § 1983.  [Doc. No. 1 at 3.]  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  [Doc. No. 2.]  For the reasons below, the Court **DENIES** the IFP motion and **DISMISSES** the complaint.

Generally, all parties instituting a civil action in this Court must pay a filing fee.  *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs.  "[A] plaintiff seeking IFP status must allege

poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

The Court finds Plaintiff's IFP application is insufficient. He does not list any money he has in cash or in any bank account, nor does he list any expenses. The form template he uses is missing the second page which requests additional information from the applicant. Accordingly, the Court **DENIES** his IFP motion.

Even if his IFP motion was sufficient, the Court dismisses Plaintiff's case as it is frivolous and he fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). From what can be discerned, Plaintiff alleges that prison staff did not talk to him and mocked him after he told them he was "telepathic." [Doc. No. 1 at 4.] He also alleges that someone used excessive force in grabbing him and carrying him back to his cell with no other details. [*Id.*] The Court finds Plaintiff's allegations to be frivolous and **DISMISSES** the complaint.

It is **SO ORDERED**.

Dated: February 3, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge